Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
mlim@schneiderwallace.com

*Attorneys for Plaintiff, the Putative Class
and Collective Members*

**UNITED STATES DISTRICT COURT
EASTERN  DISTRICT OF CALIFORNIA
FRESNO DIVISION**

| | |
|---|---|
| ISABELLE FRANKLIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY MEDICAL CENTERS, INC. and COMMUNITY REGIONAL MEDICAL CENTER f/k/a FRESNO COMMUNITY HOSPITAL AND MEDICAL CENTER,<br><br>Defendants. | Case No. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1)  Fair Labor Standards Act;<br>(2)  Failure to Pay for All Hours Worked (Cal. Labor Code § 204);<br>(3)  Failure to Pay Overtime Wages (Cal. Labor Code § 510);<br>(4)  Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Labor Code §§ 226.7 and 512);<br>(5)  Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Labor Code § 226);<br>(6)  Waiting Time Penalties (Cal. Labor Code §§ 201-203);<br>(7)  Failure to Reimburse for Necessary Business Expenditures (Cal. Labor Code § 2802);<br>(8)  Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.     Plaintiff Isabelle Franklin, individually and on behalf of all others similarly situated ("Plaintiff"), brings this class and collective action on behalf of herself and other similarly situated individuals who have worked for Community Medical Centers, Inc. and Community Regional Medical Center, formerly known as Fresno Community Hospital and Medical Center ("Defendants" or "Community Medical") as nursing staff, nurse aides, nurse assistants, and other non-exempt hourly employees[1] and been subject to Defendants' policy and practice of deducting time from recorded hours for meal periods. Throughout the relevant time period, Plaintiff and similarly situated nursing staff have been denied payment for all hours worked, including overtime, and have been denied meal and rest periods that comply with California law. This case implicates the longstanding policy and practice of Community Medical, which fails to properly compensate non-exempt employees for work performed during meal periods, for work performed while "off-the-clock," and for missed rest and meal periods.

2.     Defendants do not provide bona fide meal periods for their nursing staff who are responsible for patient care. Nursing staff who work for Defendants are required to remain responsible for patient care throughout their shift and are expected to perform duties while "off-the-clock." While Defendants require nursing staff to clock out for a meal period and then clock back in at the end of the meal period, nursing staff remain on duty and are continuously subject to interruption during that time. Defendants have instituted policies and practices that result in nursing staff being responsible for patient care throughout their shift, even when they attempt to have a bite to eat.

3.     Defendants' policies and practices result in nursing staff being denied wages due under the Fair Labor Standards Act and California law. Under these policies and practices, non-exempt nursing staff involved in patient care were not completely relieved of duties during meal periods and were denied pay for those on-duty meal periods. Defendants continue to require nursing staff responsible for patient care to remain on duty and subject to interruptions during meal breaks.

---

[1] While the precise job titles may differ, Plaintiff hereinafter uses the term "nursing staff" interchangeably in referencing any of these similarly situated employees.

4.    Defendants violated the FLSA and California law by knowingly and willfully permitting Plaintiff and Collective and Class members to perform work and/or remain on duty during meal breaks, subjecting them to interruptions during those times. Plaintiff and Collective and Class members also performed work before clocking in and after clocking out for which they were not compensated. Defendants had notice that Plaintiff and Collective and Class members expected to be paid for their work on an hourly basis. Defendants received value from the work performed by Plaintiff and Collective and Class members during their meal periods and while "off-the-clock" without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective and Class members for work performed.

5.    In addition, Plaintiff and Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Plaintiff and Collective and Class members perform this off-the-clock work, but failed to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA and California state law.

6.    Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

7.    Plaintiff also pursues claims under the California Labor Code §§ 226.7 and 512 (failure to provide meal and rest periods); § 204 (failure to compensate for all hours worked); § 1194 (failure to pay minimum wage); § 510 (failure to pay overtime and double time wages), §§ 201-203 (waiting time penalties); § 226 (failure to provide timely and compliant itemized wage statements); § 226.2 (failure to properly compensate piece rate workers for rest and recovery periods and other nonproductive time, and/or to provide compliant itemized wage statements for rest and recovery periods and other nonproductive time); and California Business and Professions Code § 17200, et seq. (engaging in unfair and unlawful business practices).

8.    Therefore, Plaintiff files this action to recover on behalf of herself and Collective and Class members all unpaid wages, compensation, penalties, and other damages owed to them under the

FLSA and state law individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which Defendants have integrated into their time tracking and payroll policies and which have deprived Plaintiff and Collective and Class members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

9.     This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous nursing staff who reside in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendants are subject to personal jurisdiction here.

## PARTIES

11.     Plaintiff Isabelle Franklin is an individual residing in Rocklin, California. Ms. Franklin was employed as a nurse by Defendants at Community Regional Medical Center in Fresno, California from approximately December 2017 to January 2018.

12.     The FLSA Collective members are people who are or who have been employed by Defendants as nursing staff, nurse aides, nurse assistants, and other similar hourly and non-exempt employees in the United States that have been subject to an automatic time deduction by Defendants within the three years preceding the filing of this Complaint (collectively referred to herein as "nursing staff").

13.     The Class members are all people who are or who have been employed by Defendants as nursing staff, nurse aides, nurse assistants, and other similar hourly and non-exempt employees in the State of California that have been subject to interruptable meal breaks by Defendants within the four years preceding the filing of this Complaint (collectively referred to herein as "nursing staff").

14.     Upon information and belief, Defendant Community Medical Centers, Inc. is a domestic non-profit organized under the laws of California. Upon information and belief, Community

Medical Centers, Inc. operates a healthcare network of hospitals. Defendant may be served with process by serving its registered agent, Christine Noguera, 7210 Murray Drive, Stockton, CA 75210.

15. Defendant Community Regional Medical Center, previously known as Fresno Community Hospital and Medical Center, is a domestic non-profit organization organized under the laws of California. Upon information and belief, Community Regional Medical Center is owned and operated by Defendant Community Medical Centers, Inc. Defendant Community Regional Medical Center f/k/a Fresno Community Hospital and Medical Center may be served with process by serving its registered agent, Robynn L. Van Patten, 789 Medical Center Drive East, Suite 101, Clovis, California 93611.

16. At all material times, Defendants have been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

17. At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

18. Plaintiff is informed and believes that Defendants are joint employers of Plaintiff and members of the Class and Collective for purposes of this action.

19. Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant Community Medical Centers, Inc. and Community Regional Medical Center, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

20. Plaintiff is informed and believes that Community Regional Medical Center is wholly-owned and operated by Community Medical Centers, Inc., and as such the policies and practices that give rise to the violations as alleged herein were implemented and/or directed to be implemented by Defendant Community Medical Centers, Inc. in concert with Defendant Community Regional Medical Center. That is, the violative practices of the hospital were overseen, approved, and/or directed to be implemented by the owning and operating company.

21. Upon information and belief, similar practices have been implemented at Community Medical Centers, Inc.'s other owned and operated hospitals throughout the state.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*

22.     As employers of Plaintiff, the Collective, and Class members throughout the relevant time periods as outlined below, Defendants, and each of them, are solely, jointly, and severally liable for back pay, penalties, and other economic damages owed to Plaintiff, the Collective, and the Class.

23.     Throughout this Complaint, any reference to "Defendant" or "Defendants" is intended to refer to Community Medical Centers, Inc. and Community Regional Medical Center jointly.

24.     Plaintiff and Collective and Class members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

25.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Defendants have had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

26.     Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

27.     In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

28.     At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

29.     Defendants operate a a network of hospitals that provide healthcare services in California.

30.     Defendants employ hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

31.     Defendants have a payroll policy and practice of not compensating hourly-paid nursing staff for work performed during meal periods. Defendants require nursing staff to clock out for a meal period and clock back in after their meal periods. However, in practice, nursing staff remain on duty and are continuously subject to interruption during that time. This policy applies to all hourly-paid, non-exempt nursing staff who are responsible for patient care.

32.     Nursing staff involved in patient care are not permitted to take a 30-minute uninterrupted and bona fide meal period or rest breaks due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal period or rest break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other nursing staff and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies.

33.     Defendants encourage interruptions to nursing staff meal periods and rest breaks by requiring nursing staff to carry an electronic communication device with them at all times, so that they may receive calls/requests from their patients and hospital personnel. Nursing staff are required to respond to these calls, even if they are taking a meal period or rest break.

34.     Plaintiff was employed by Defendants as a nurse during the last four years. Plaintiff worked as a non-exempt nurse for Defendants between December 2017 to January 2018, and was paid an hourly rate for her services. As a nurse, Plaintiff's primary responsibilities included: providing patient care and monitoring, administering medicine to patients, interacting with other hospital employees and visitors, monitoring blood-work and patient test results, and responding to emergency situations. Plaintiff was subjected to Defendants' time, pay, meal break, and overtime policies and practices. Plaintiff routinely performed work during her entire shift, was subject to interruptions during attempted meal and rest breaks, and in fact was interrupted or denied meal and rest breaks on a regular basis. Plaintiff also performed work while "off-the-clock" with Defendants' knowledge and was denied compensation for the time she spent engaged in this work.

35.     Plaintiff's and Collective and Class members' "off-the-clock" work included cleaning, preparing and organizing equipment, interacting with patients and patients' family members, assisting other hospital staff, charting, and performing other various tasks before clocking in and after clocking out for the day. Plaintiff and Collective and Class members were not compensated for this work performed outside of their recorded hours.

36.     Collective and Class members were and are employed by Defendants and performed work materially similar to Plaintiff.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*

37.     Plaintiff and Collective and Class members reported to a hospital or clinical facility owned, operated, or managed by Defendants to perform their jobs.

38.     Plaintiff and Collective and Class members performed their jobs under Defendants' supervision and using materials and technology approved and supplied by Defendants.

39.     Plaintiff and Collective and Class members were required to follow and abide by common work, time, pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

40.     At the end of each pay period, Plaintiff and Collective and Class members received wages from Defendants that were determined by common systems and methods that Defendants selected and controlled.

41.     Defendants paid Plaintiff and Collective and Class members on an hourly rate basis.

42.     Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 12 hours each shift and between three-to-four shifts per week. On average, Plaintiff worked more than 40 hours in a workweek at least two times per month.

43.     Upon information and belief each Collective and Class member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

44.     When Plaintiff and Collective members worked more than forty hours in a workweek, Defendants failed to pay them one and one-half times their regular hourly rate for all hours worked due to Defendants' failure to include time worked during meal periods and "off-the-clock" work in the total hours of worked in a given work week. This unpaid time is compensable under the FLSA because (1) Plaintiff and Collective members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped meal periods due to work demands.

45.     Plaintiff and Class members are typically scheduled to work twelve hour shifts. Plaintiff and putative Class members regularly work three or four days consecutively.  Plaintiff and putative Class members are often denied overtime for all work performed in excess of eight hours per day and 40 hours per week.  Plaintiff and putative Class members are also denied double time for

work over 12 hours in one day.

46.     Defendants require Plaintiff and putative Class members to perform substantial work off-the-clock and without compensation. Defendants require Plaintiff and putative Class members to clock in and out of work using company-issued software.  Nursing staff perform work while off-the-clock for the benefit of Defendantd, including charting, patient care, and assisting other hospital personnel.  As a result of this off-the-clock work, Plaintiff and the putative Class members are not adequately compensated for all hours worked at their regular rate or at the applicable overtime rates. On average, Plaintiff worked approximately 15-30 additional minutes of work while off-the-clock, not including work performed during meal and break periods.

47.     For example, when travel/contract nurses are sent to Community Regional Medical Center, the hospital requires nursing staff to take a competency exam that is above and beyond the state licensing requirements. These competency exams are purely for the benefit of Community Regional Medical Center and generally occur after the nursing staff candidate has already interviewed with the hospital. Similarly, nursing staff are often not compensated for working time spent attending Community Regional Medical Center's new hire orientation process, which can last anywhere from 20 to 40 hours. Nursing staff are not compensated for this additional time worked.

48.     Throughout the relevant time period, Defendants expected and required Plaintiff and Collective and Class members to be available to work during their entire shifts, even during any attempted meal breaks.

49.     In addition, Defendants routinely deny Plaintiffs and other nursing staff timely and compliant off-duty meal periods and rest periods. Specifically, Defendants routinely refuse to authorize, permit, and/or make available to nursing taff timely and compliant thirty-minute meal periods as required by law. Furthermore, Defendants require nursing staff to work in excess of ten hours per day, but does not authorize, permit, and/or make available to them a second thirty-minute meal period as required by law. Likewise, Defendants routinely refuse to authorize or permit nursing staff to take ten-minute rest periods as required by law.

50.     To the contrary, Defendants instruct nursing staff to falsely report on their time sheets they took a meal break, with complete indifference as to whether nursing staff in fact were able to,

and did, take a meal break. And if nursing staff fail to document that they took a meal break, Defendants will alter the time records to show a meal period that was never taken. These meal periods are uncompensated.

51.     Beyond Defendants' failure to authorize or permit meal and rest breaks, nursing staff's schedules were too busy, patient care demands were too high, and Defendants' pressure to complete job assignments while being understaffed was too constant, for nursing staff to take compliant meal or rest breaks. Defendants monitor Plaintiffs and other nursing staff throughout the day, including by electronic communication device, directing them to go from patient to patient without breaks.

52.     As a result, the time worked by Plaintiff and other nursing staff goes unrecorded and uncompensated.  Further, Defendants fail to pay Plaintiff and other nursing staff premium wages for their missed breaks. This uniformly violates California law.

53.     Defendants do not provide putative Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements they are provided are not accurate because they do not reflect the actual hours worked by Plaintiff and putative Class members. The wage statements do not contain off-the-clock work or time that should be compensable during interruptable meal breaks. Further, the wage statements are inaccurate because they do not include premium pay for missed breaks, overtime, and double time for all hours worked.

54.     Defendants often do not provide putative Class members, including Plaintiff, with full payment of all wages owed at the end of employment. As these workers are owed for off-the-clock work, unpaid overtime, and premium pay when their employment ends, and these amounts remain unpaid under Defendants' policies and practices, Defendants fail to pay all wages due upon termination. As a consequence, Defendants are subject to waiting time penalties.

55.     Defendants also require putative Class members, inclusing Plaintiff, to pay for other necessary work-related expenses. For example, Plaintiff and putative Class members are expected to pay out of pocket to attend testing and orientation, but are not compensated for those expenses, including mileage.

56.     Defendants have employed hundreds of people similarly situated to Plaintiff during the four-year period prior to the filing of this Complaint.

57.     Defendants' method of paying Plaintiff and Collective and Class members was willful, and was not based on a good faith and reasonable belief that their conduct complied with either the FLSA or California law.

58.     Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Collective and Class members. In particular, Defendants have failed to record hours that Plaintiff and Collective and Class members worked during missed meal and rest breaks as well as hours worked off the clock.

59.     Defendants' conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

## FLSA COLLECTIVE ACTION ALLEGATIONS

60.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of the following class of individuals:

> All current and former hourly, non-exempt employees, including but not limited to nursing staff, nursing aides, nursing assistants or other employees with similar job duties employed by Defendants nationwide, during the time period three years prior to the filing of the original Complaint until resolution of this action (the "Collective").

61.     Defendants have not compensated these employees for the unpaid meal breaks and "off-the-clock" work as described above.

62.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by the Collective members.

63.     Plaintiff has actual knowledge that Collective members have been denied compensation for time worked, including meal breaks worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

64.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to their common practices, policies, or plans of refusing to pay

overtime for all work performed in clear violation of the FLSA.

65.     Other nursing staff similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other nursing staff similarly situated to Plaintiff also performed compensable work while "off-the-clock," and were not paid overtime at the rate of one and one-half times their regular hourly rate for those "off-the-clock" hours.

66.     Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for their hours worked over forty for meal breaks that were interrupted due to work demands and for "off-the-clock" work.

67.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

68.     Collective members regularly work or have worked in excess of forty hours during a workweek.

69.     Collective members are not exempt from receiving overtime compensation under the FLSA.

70.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

71.     This action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

a.   Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

b.   Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

c. Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

d. Defendants controlled the meal break and rest break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break and rest break work they performed.

72. Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including for interrupted, on-duty, or missed meal breaks.

73. Collective Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked "off-the-clock" in excess of forty during a workweek.

74. Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as work performed "off-the-clock."

75. As such, the class of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 100 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records.

## RULE 23 CLASS ACTION ALLEGATIONS

76. Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).  The California Class

1    that Plaintiff seeks to represent is defined as follows:

2
         All current and former hourly, non-exempt employees, including but
3        not limited to nursing staff, nursing aides, nursing assistants, or other
         employees with similar job duties employed by Defendants in
4        California at any time starting four years prior to the filing of this
         Complaint until resolution of this action.

5        77.    This action has been brought and may properly be maintained as a class action because

6    there is a well-defined community of interest in the litigation and the proposed class is easily

7    ascertainable.

8        78.    Numerosity:  The potential members of the class are so numerous that joinder of all the

9    members of the Class is impracticable. Plaintiff is informed and believes that the number of

10   California Class members exceeds 40. This volume makes bringing the claims of each individual

11   member of the class before this Court impracticable. Likewise, joining each individual member of the

12   California Class as a plaintiff in this action is impracticable. Furthermore, the identities of the

13   California Class will be determined from Defendants' records, as will the compensation paid to each

14   of them. As such, a class action is a reasonable and practical means of resolving these claims. To

15   require individual actions would prejudice the California Class and Defendants.

16       79.    Commonality:   There are questions of law and fact common to Plaintiff and the

17   California Class that predominate over any questions affecting only individual members of the Class.

18   These common questions of law and fact include, but are not limited to:

19           i.    Whether Defendants paid Plaintiff and Class members on an hourly basis;

20           ii.   Whether Defendants fails to compensate putative Class members for all

21               hours worked, including as overtime compensation, in violation of the Labor

22               Code and Wage Orders;

23           iii.  Whether Defendants fails to compensate putative Class members for all

24               hours worked, including as overtime compensation, in violation of Business

25               and Professions Code §§ 17200 *et seq.*;

26           iv.   Whether Defendants have a policy and/or practice of requiring putative

27               Class members to be in the control of, spend time primarily for the benefit

28               of, and work for Defendants off-the-clock and without compensation;

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*

v. Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members in violation of the Labor Code and Wage Orders;

vi. Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to putative Class members in violation of Business and Professions Code §§ 17200 *et seq.*;

vii. Whether Defendants fail to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods which they are entitled in violation of the Labor Code and Wage Orders;

viii. Whether Defendants fail to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

ix. Whether Defendants fail to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

x. Whether Defendants fail to provide putative Class members with timely, accurate itemized wage statements in violation of Business and Professions Code §§ 17200 *et seq.*;

xi. Whether Defendants fail to timely pay putative Class members for all wages owed upon termination of employment in violation of the Labor Code;

xii. Whether Defendants fail to timely pay putative Class members for all wages owed upon termination of employment in violation of Business and Professions Code §§ 17200 *et seq.*; and

xiii. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

80. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the California Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and

Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

81.   <u>Adequacy of Representation</u>:  Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

82.   <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

83.   In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

84.   If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

85.   Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

## FIRST CAUSE OF ACTION
### Violations Of 29 U.S.C. § 207
### Failure To Pay Overtime Compensation For
### Improper Meal Break Time Deductions
### (FLSA Collective Action)

86.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

87.     Plaintiff and Collective members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

88.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

89.     Throughout the relevant time period, Defendants expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

90.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

91.     Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every meal period during which Plaintiff and Collective members were required, per Defendants' policies and practices, to clock out.

92.     Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for meal breaks under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

93.     Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

94.     Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

95.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

96.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure To Pay Overtime Compensation For "Off-The-Clock" Work**
**(FLSA Collective Action)**

97.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

98.     Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff to work additional time outside of her shift for work-related tasks. These tasks included, but were not limited to, checking on patients, locating and gathering equipment and supplies, responding to emergencies, reviewing or completing charting, and cleaning.

99.     Plaintiff was actively discouraged from logging time outside the parameters set by Defendants. However, due to the demands of the job, Plaintiff routinely performed work-related tasks outside of her scheduled shift, before she clocked in and after she clocked out. Upon information and belief, Defendants treated Collective members similarly with respect to "off-the-clock" work.

100.    Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work for which she was not compensated. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

101.    Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

102.    Defendants' failure to pay overtime to Plaintiff and Collective members, was willful and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective

1    members' claims.

2        103.    Because of Defendants' willful violation, Plaintiff and Collective members are also due

3    an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

4        104.    Plaintiff and Collective members are further entitled to reasonable attorneys' fees and

5    costs of the action in addition to any judgment awarded.

6        105.    Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

7                              **THIRD CAUSE OF ACTION**
                  **Failure to Pay for All Hours Worked Pursuant to Labor Code § 204**
8                                **(On Behalf of the Class)**

9        106.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

10   herein.

11       107.    Defendants willfully engaged in and continue to engage in a policy and practice of not

12   compensating Plaintiff and putative Class members for all hours worked or spent in its control.

13       108.    Defendants regularly schedule Plaintiff and the putative Class members to work twelve

14   hours shifts.  However, Defendants intentionally and willfully require Plaintiff and the putative Class

15   members to complete additional work off-the-clock, in excess of twelve hours per day.  For example,

16   Nursing Staff routinely perform work functions before clocking in and after clocking out such as

17   charting, assisting other hospital personnel, and cleaning or organizing medical supplies.  Moreover,

18   Nursing Staff are required to clock out for meal periods.  However, Plaintiff and putative Class

19   members routinely work through or are otherwise subject to interruption during their meal period.

20   They are not compensated for that work.  As a result, Defendants fail to pay Plaintiff and the putative

21   Class members for all hours worked and fail to track their actual hours worked.

22       109.    Labor Code § 1194(a) provides as follows:

23              Notwithstanding any agreement to work for a lesser wage, any
                employee receiving less than the legal minimum wage or the legal
24              overtime compensation applicable to the employee is entitled to
                recover in a civil action the unpaid balance of the full amount of this
25              minimum wage or overtime compensation, including interest thereon,
                reasonable attorneys' fees, and costs of suit.
26

27       110.    Labor Code § 200(a) defines wages as "all amounts for labor performed by employees

28   of every description, whether the amount is fixed or ascertained by the standard of time,  task,  piece,

1   commission basis, or other method of calculation."

2   111.   Labor Code § 1198 makes it unlawful for employers to employ employees under

3   conditions that violate the Wage Orders.

4   112.   IWC Wage Order 16-2001(2)(J) defines hours worked as "the time during which an

5   employee is subject to the control of an employer, and includes all the time the employee is suffered

6   or permitted to work, whether or not required to do so."

7   113.   Defendants require Plaintiff and the Class to work off-the-clock without compensation.

8   In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendants

9   without compensation.

10   114.   In violation of California law, Defendants knowingly and willfully refuse to perform

11   their obligations to provide Plaintiff and the putative Class with compensation for all time worked.

12   Defendants regularly fail to track the time they actually work or to compensate them for hours

13   worked.   Therefore, Defendants committed, and continue to commit, the acts alleged herein

14   knowingly and willfully, and in conscious disregard of the Plaintiff and the putative Class members'

15   rights.  Plaintiff and the putative Class are thus entitled to recover nominal, actual, and compensatory

16   damages, plus interest, attorneys' fees, expenses, and costs of suit.

17   115.   As a proximate result of the aforementioned violations, Plaintiff and the putative Class

18   have been damaged in an amount according to proof at time of trial.

19   116.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

20   **FOURTH CAUSE OF ACTION**
   **Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
21   **(On Behalf of the Class)**

22   117.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

23   herein.

24   118.   Defendants do not compensate Plaintiff and putative Class members with appropriate

25   overtime, including time and a half and double time, as required by California law.

26   119.   Labor Code § 510 provides as follows:

27   Eight hours of labor constitutes a day's work.  Any work in excess of
   eight hours in one workday and any work in excess of 40 hours in any
28   one workweek and the first eight hours worked on the seventh day of

work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

120.    The IWC Wage Order 16-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

121.    Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

122.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."   All such wages are subject to California's overtime requirements, including those set forth above.

123.    Defendants regularly require Plaintiff and putative Class members to work in excess of eight hours per day and forty hours per week, but do not compensate them at an overtime rate for this work.   Furthermore, Defendants regularly do not compensate Plaintiff and the putative Class

1  members at a double time rate for hours worked in excess of twelve hours each day or after eight

2  hours on the seventh consecutive day of work.

3      124.    Plaintiff and putative Class members have worked overtime hours for Defendants

4  without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders,

5  and other applicable law.

6      125.    Defendants have knowingly and willfully refused to perform their obligations to

7  compensate Plaintiff and the putative Class members for all premium wages for overtime work.  As a

8  proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the

9  putative Class members in amounts to be determined according to proof at time of trial,

10     126.    Defendants are jointly liable to Plaintiff and the Class alleged herein for the unpaid

11 overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of

12 attorneys' fees and costs as set forth below.

13     127.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

14

15 <center>**FIFTH CAUSE OF ACTION**
**Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**
**Pursuant to Labor Code §§ 226.7 and 512**
**(On Behalf of the Class)**</center>

16

17     128.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

18 herein.

19     129.    Defendants routinely do not make meal periods available to Plaintiff and putative Class

20 members.  Despite long work days regularly lasting in excess of twelve hours, Plaintiff and putative

21 Class members are often unable to take a meal break, are often prevented from timely taking a meal

22 break, are subject to interruption during their meal breaks, and are frequently interrupted during their

23 meal breaks.  When Plaintiff and putative Class members work more than ten hours in a day,

24 Defendants often do not make a second meal period available to them.

25     130.    Plaintiff and putative Class members are not paid one hour of premium pay for the

26 missed breaks.  Rather, Defendants require Plaintiff and putative Class members to clock out for their

27 meal breaks while still requiring them to remain on duty and even though Plaintiff and putative Class

28 members are routinely denied compliant meal periods.

<center>COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*</center>

131.    Similar to meal periods, Defendants regularly fail to make rest periods available to Plaintiff and putative Class members.  Plaintiff's and putative Class members' schedules regularly prevent them from taking rest periods throughout the day.  When available, if ever, they are often not compliant.  Instead, they are generally untimely or short.  Plaintiff and putative Class members do not receive premium pay for their missed breaks as required by California law.

132.    Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendants to authorize and permit meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

133.    Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.  Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

134.    Despite these requirements, Defendants have jointly, knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to take the off-duty meal and rest periods to which they are entitled.  Defendants have also failed to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods that they are denied.  Defendants' conduct described herein violates Labor Code §§ 226.7 and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the putative Class are entitled to compensation for the failure to authorize and permit and/or make available meal and rest periods, plus

1    interest, attorneys' fees, expenses and costs of suit.

2         135.    As a proximate result of the aforementioned violations, Plaintiff and the putative Class

3    have been damaged in an amount according to proof at time of trial.

4         136.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

5                               **SIXTH CAUSE OF ACTION**
     **Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
6                               **(On Behalf of the Class)**

7         137.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

8    herein. Defendants do not provide Plaintiff and putative Class members with accurate itemized wage

9    statements as required by California law.

10        138.    Labor Code § 226(a) provides:

11               Every employer shall, semimonthly or at the time of each payment of
                 wages, furnish each of his or her employees, either as a detachable part
12               of the check, draft, or voucher paying the employee's wages, or
                 separately when wages are paid by personal check or cash, an accurate
13               itemized statement in writing showing (1) gross wages earned, (2) total
                 hours worked by the employee, except for any employee whose
14               compensation is solely based on a salary and who is exempt from
                 payment of overtime under subdivision (a) of Section 515 or any
15               applicable order of the Industrial Welfare Commission, (3) the number
                 of piece-rate units earned and any applicable piece rate if the employee
16               is paid on a piece-rate basis, (4) all deductions, provided that all
                 deductions made on written orders of the employee may be aggregated
17               and shown as one item, (5) net wages earned, (6) the inclusive dates of
                 the period for which the employee is paid, (7) the name of the
18               employee and his or her social security number, (8) the name and
                 address of the legal entity that is the employer, and (9) all applicable
19               hourly rates in effect during the pay period and the corresponding
                 number of hours worked at each hourly rate by the employee.  The
20               deductions made from payments of wages shall be recorded in ink or
                 other indelible form, properly dated, showing the month, day, and
21               year, and a copy of the statement or a record of the deductions shall be
                 kept on file by the employer for at least four years at the place of
22               employment or at a central location within the State of California.

23        139.    The IWC Wage Orders also establishes this requirement.  (*See* IWC Wage Order 16-

24    2001(6).)

25        140.    Labor Code § 226(e) provides:

26               An employee suffering injury as a result of a knowing and intentional
                 failure by an employer to comply with subdivision (a) is entitled to
27               recover the greater of all actual damages or fifty dollars ($50) for the
                 initial pay period in which a violation occurs and one hundred dollars
28               ($100) per employee for each violation in a subsequent pay period, not

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*

exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

141.   Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

142.   Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.   The wage statements Defendants provide their employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

143.   Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon.   Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

144.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Waiting Time Penalties Pursuant to Labor Code §§ 201-203
### (On Behalf of the Class)

145.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

146.   Defendants do not provide putative Class members with their wages when due under California law after their employment with Defendants end.

147.   Labor Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

148.   Labor Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit,  in  which case the

employee is entitled to his or her wages at the time of quitting.

149.   Labor Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an  employee  who  is  discharged  or  who  quits,  the  wages  of  the

1
2

employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

3
4
5
6

150. Some of the putative Class members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Defendants, which went unrecorded and/or uncompensated.

7
8
9
10
11
12
13

151. Defendants willfully refused and continue to refuse to pay putative Class members all the wages that were due and owing to them, in the form of uncompensated off-the-clock time, overtime, and meal and rest period premium pay, upon the end of their employment as a result of Defendants' willful failure to provide Plaintiff and the putative Class members with payment for all hours worked, overtime, and meal and rest breaks. As a result of Defendants' actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

14
15
16

152. Defendants' willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are liable to Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

17
18
19

153. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

20

154. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

21
22

## EIGHTH CAUSE OF ACTION
**Failure to Reimburse for Necessary Business Expenditures Pursuant to Labor Code § 2802**
**(On Behalf of the Class)**

23
24

155. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

25
26

156. Defendants do not reimburse Plaintiff and putative Class members for necessary business expenditures.

27
28

157. Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

158. Defendants regularly requires Plaintiff and putative Class members to pay out of pocket for transportation when traveling to hospital orientation and testing. Defendants often promise to reimburse Plaintiff for these travel expenses, but often fails to do so.

159. Defendants are liable to Plaintiff and the putative Class members for the unreimbursed expenses and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

160. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## NINTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200 *et seq.*
### (On Behalf of the Class)

161. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

162. California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

163. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

164. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

165. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the

UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.   violations of Labor Code § 1194 and IWC Wage Order 16-2001 pertaining to payment of wages;

    b.   violations of Labor Code § 510 and Wage Order 16-2001 pertaining to overtime;

    c.   violations of Labor Code §§ 226.7 and 512 and Wage Order 16-2001 pertaining to meal and rest breaks;

    d.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements;

    e.   violations of Labor Code § 2802 regarding indemnification for necessary business expenditures; and

    f.   violations of Labor Code §§ 201-203.

166.    The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

167.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

168.    Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

169.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*

170.    Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others similarly situated.  Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

171.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

172.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a)    Damages and restitution according to proof at trial for all unpaid wages, liquidated damages, and other injuries, as provided by the FLSA, California Labor Code and all other laws of the State of California;

b)    For a declaratory judgment that Defendants have violated the FLSA as alleged herein;

c)    For a declaratory judgment that Defendants have violated the FLSA willfully as alleged herein;

d)    For a declaratory judgment that Defendants have violated the California Labor Code and public policy as alleged herein;

e)    For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

f)    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants,

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*

1  their officers, agents, and all those acting in concert with them from committing in the

2  future those violations of law herein alleged;

3  g)   For an equitable accounting to identify, locate, and restore to all current and former

4  employees the wages they are due, with interest thereon;

5  h)   For an order awarding Plaintiff, the Collective, the Class, and all aggrieved employees

6  liquidated and compensatory damages, including lost wages, earnings, and other

7  employee benefits, restitution, and all other sums of money owed to Plaintiff, the

8  Collective, and the Class, together with interest on these amounts, according to proof;

9  i)   For an order awarding Plaintiff and the Class civil penalties pursuant to the Labor

10  Code, with interest thereon;

11  j)   For an award of reasonable attorneys' fees as provided by the FLSA, California Labor

12  Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

13  k)   For all costs of suit;

14  l)   For interest on any damages and/or penalties awarded, as provided by applicable law;

15  and

16  m)  For such other and further relief as this Court deems just and proper.

17

18  Dated: May 20, 2019                          Respectfully submitted,

19

20                                              */s/ Carolyn H. Cottrell*
                                                Carolyn H. Cottrell (SBN 166977)
21                                              David C. Leimbach (SBN 265409)
                                                Michelle S. Lim (SBN 315691)
22                                              SCHNEIDER WALLACE
                                                COTTRELL KONECKY
23                                              WOTKYNS LLP
                                                2000 Powell Street, Suite 1400
24                                              Emeryville, California 94608
                                                Telephone: (415) 421-7100
25                                              Facsimile:  (415) 421-7105
                                                ccottrell@schneiderwallace.com
26                                              dleimbach@schneiderwallace.com
                                                mlim@schneiderwallace.com
27

28

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Isabelle Franklin, et al. v. Community Medical Centers, Inc., et al.*

William M. Hogg (*pro hac vice* to be submitted)
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile:  (866) 505-8036
whogg@schneiderwallace.com

*Attorneys for Plaintiff, the Putative Class
and Collective Members*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Dated: May 20, 2019                    Respectfully submitted,


*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Michelle S. Lim (SBN 315691)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
mlim@schneiderwallace.com

William M. Hogg (*pro hac vice* to be submitted)
Texas Bar No. 24087733
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
3700 Buffalo Speedway, Suite 300
Houston, Texas 77098
Telephone: (713) 338-2560
Facsimile:  (866) 505-8036
whogg@schneiderwallace.com

*Attorneys for Plaintiff, the Putative Class
and Collective Members*