UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABELLE FRANKLIN,<br><br>    Plaintiff,<br><br>v.<br><br>COMMUNITY REGIONAL MEDICAL CENTER,<br><br>    Defendant. | No. 1:19-cv-00709-SKO<br><br>ORDER GRANTING IN PART DEFENDANT'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER<br><br>(Doc. 28) |

On October 7, 2019, Defendant filed an ex parte application requesting to extend the deadline to file its motion to compel arbitration from October 9, 2019, to November 12, 2019. (Doc. 28 at 4; *see* Doc. 26.) In view of the October 9, 2019 filing deadline, the Court entered a minute order directing Plaintiff to file her response in opposition by October 8, 2019. (Doc. 29.) Plaintiff filed a response in opposition on October 8, 2019. (Doc. 30.)

For the reasons stated below, the Court GRANTS IN PART Defendant's application and EXTENDS the deadline for filing the motion to compel arbitration to October 23, 2019.

**I.    Background**

Plaintiff filed this class and collective action on May 20, 2019, under the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*, and various California labor code sections. (Doc. 1.) On September 10, 2019, the Court held a scheduling conference in the case. (Doc. 24.) At the

scheduling conference, Defendant requested that the Court delay entering a scheduling order and stay the case while Defendant prepared and filed a motion to compel arbitration, which Plaintiff opposed. (*See id.*; Doc. 21.) Defendant stated that at some unspecified time after the complaint was filed, it became aware of an arbitration agreement Plaintiff purportedly signed, and requested on August 16, 2019, that Plaintiff provide Defendant with a copy of the agreement. (Doc. 21 at 4.) Defendant stated that Plaintiff refused to provide the agreement voluntarily, so Defendant subpoenaed the agreement from the staffing company that had possession of it. (*Id.*) Defendant received the agreement on September 11, 2019. (*See* Doc. 25.)

Plaintiff opposed an indeterminate stay of the case while Defendant filed a potential motion, as it would prejudice putative collective members because the statutes of limitations continue to run on their claims, and requested that the Court issue a scheduling order and decline to stay any part of the case. (*Id.* at 6–7.)

The Court continued the scheduling conference to September 13, 2019, to allow the parties to attempt to agree on a stipulation staying the case, tolling the putative collective members' claims, and providing that Defendant would produce a class list to Plaintiff. (*See* Doc. 24.) The Court advised the parties that if they were unable to agree, a scheduling order would issue (as requested by Plaintiff) and the case would not be stayed. The parties were unable to agree on a stipulation, and the Court entered a scheduling order with dates limited to class certification on September 16, 2019. (Doc. 26.) The scheduling order gave Defendant until October 9, 2019, to file its motion to compel arbitration, and set the deadline for amending pleadings for November 12, 2019, the deadline for class certification discovery for June 8, 2020, the deadline for filing the motion for class certification for July 8, 2020, and the hearing on the class certification motion for October 14, 2020. (*Id.*)

**II. Discussion**

On October 7, 2019, Defendant filed an ex parte application requesting to extend the deadline to file its motion to compel arbitration. (Doc. 28.) Defendant states that at some point after the Court issued the scheduling order, "a conflict arose that require[d] Defendant's counsel to withdraw and for new counsel to be retained." (*Id.* at 5.) Defendant represents that this conflict "prevents Defendant's current counsel from preparing and filing the Motion to Compel Arbitration." (*Id.*) Defendant states that immediately upon discovering the conflict, it took steps to retain new counsel, and that it is still in the process of engaging new counsel but needs additional time to do so. (*Id.*)

Plaintiff opposes the application and requests that the Court decline to extend the October 9, 2019, deadline at all. (Doc. 30.) If the Court grants the ex parte application, Plaintiff requests that the Court toll the statute of limitations as to all putative collective members as of October 9, 2019. (*Id.* at 2.) Plaintiff contends that Defendant has failed to justify ex parte treatment of its request and has failed to show a threat of immediate or irreparable injury. (*Id.* at 3–4.) Plaintiff contends that Defendant has also failed to show good cause to modify the scheduling order because it did not explain when the conflict arose and why the conflict prevents it from filing a motion to compel arbitration. (*Id.* at 5.) Plaintiff further contends that Defendant's current counsel "presumably was in the process of drafting and finalizing its motion . . . when this sudden emergency arose" and "[t]here is no reason Defendant cannot use this work . . . and timely meet the deadlines imposed[.]" (*Id.*)

Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order "only for good cause." Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 10 1271, 1295 (9th Cir. 2000). A trial court may also consider prejudice

to any opposing party in ruling on a motion to modify the scheduling order. *Id.* at 1295.

As an initial matter, the Court finds that Defendant's request is properly treated as an ex parte application due to the impending deadline to file the motion to compel arbitration, despite that Defendant's counsel may have contributed to the "emergency" by failing to discover the ethical conflict and file its request until two days before the deadline. Specifically, Defendant will suffer irreparable injury if the deadline is not extended by being deprived of the opportunity to request to compel arbitration. Also, requiring Defendant to re-file the motion under Local Rule 230 and set it for hearing at least 28 days later would only cause further delay of the case—which Plaintiff seeks to avoid.

As to the requested extension, the Court finds good cause for a brief extension of the deadline, but not to the extent requested by Defendant. Defendant has not explained the nature of the ethical conflict, when it arose, and why it prevents Defendant's counsel from filing a motion to compel arbitration. Defendant's counsel has not requested to withdraw, and no substitution of counsel has been filed. As Defendant's current counsel of record, Defendant's counsel retains the obligation to abide by the Court's deadlines until allowed to withdraw or substitute counsel.

Nevertheless, to ensure that Defendant is not totally deprived of the opportunity to request to compel arbitration, and because the initial delay in filing the motion was partly caused by Plaintiff's failure to voluntarily provide a copy of the arbitration agreement, the Court will extend the deadline to file the motion to compel arbitration by 14 days, to October 23, 2019.[1] All other

---

[1] Plaintiff's request to toll the claims of all putative class members from October 9, 2019, is denied without prejudice to filing a stipulation or motion with supporting legal authority. Equitable tolling of the statute of limitations in an FLSA case "applies . . . when *extraordinary circumstances* beyond the plaintiff's control made it *impossible* to file a claim on time." *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (emphasis added). Plaintiff has not shown why a brief extension of a court-imposed deadline is an "extraordinary circumstance" making it "impossible" to file a timely claim, or why the Court should toll the statute of limitations as to all potential putative collective members indiscriminately, as opposed to deciding the issue on an individualized basis as collective members attempt to opt-in. *See id.*; *cf. Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 1508853, at *2–3 (N.D. Cal. Apr. 27, 2017).

deadlines in the scheduling order, (Doc. 26), remain unchanged.

IT IS SO ORDERED.

Dated: **October 9, 2019**     /s/ *Sheila K. Oberto*
                               UNITED STATES MAGISTRATE JUDGE